IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 3:24CR72 (RCY) |
| ) | |
| BOBBY NATHANIEL SCOTT, ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Bobby Nathaniel Scott's ("Mr. Scott" or "the Defendant") Motion to Dismiss Indictment as Unconstitutional Under the Second Amendment ("Motion"). ECF No. 14. Mr. Scott seeks dismissal of the Indictment, charging him with Possession of a Firearm and Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and the Supreme Court's recent application of *Bruen* in *United States v. Rahimi*, 602 U.S. ----, 144 S. Ct. 1889 (2024). *See* Mot. 1–2, 3–6. Mr. Scott brings an as-applied challenge to § 922(g)(1). For the reasons stated below, the Court will deny Mr. Scott's Motion.

**I. BACKGROUND**

Mr. Scott was indicted on April 17, 2024, on one count, Possession of a Firearm and Ammunition by a Convicted Felon pursuant to 18 U.S.C. § 922(g)(1). Indictment 1, ECF No. 1. Mr. Scott was arraigned on June 28, 2024. ECF No. 10. Mr. Scott's status as a convicted felon is not in dispute.

**II. LEGAL STANDARD**

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R.

Crim. P. 12(b)(1). The Defendant here requests that the Court dismiss the indictment against him. "An indictment may be dismissed if the statute on which the indictment is premised is unconstitutional." *United States v. Kearney*, 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023); *see United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010); *cf.* Fed. R. Crim. P. 12(b)(3)(B) (permitting a defendant to, before trial, file a motion alleging a "defect in the indictment").

### III. DISCUSSION

The Defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional as applied to him because it violates the Second Amendment under *Bruen*'s text-and-history test, as expounded upon in *United States v. Rahimi*.

Section 922(g)(1) reads, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition.

18 U.S.C. § 922(g)(1).

The Defendant argues that *Bruen* and *Rahimi* establish that § 922(g)(1) regulates "conduct covered by the plain text of the Second Amendment," meaning that § 922(g)(1) is "presumptively unconstitutional" under *Bruen*'s test. Mot. Dismiss 1, ECF No. 14; *see* Reply 4–8, ECF No. 16. Among other textual arguments, the Defendant points to the Supreme Court's "reject[ion]" in *Rahimi* of "the Government's contention that [individuals] may be disarmed simply because [they are] not 'responsible,'" and argues that he is thus among "the people" whose conduct the Second Amendment protects. Mot. Dismiss 4 (quoting *United States v. Rahimi*, 144 S. Ct. 1889, 1903 (2024)); *see* Reply 6 (quoting same). Following from this, the Defendant argues that the burden

thus shifts to the government to show that § 922(g)(1) "is consistent with the Nation's historical tradition of firearm regulation" under *Bruen*. Mot. Dismiss 1; *see* Reply 8–12.

This Court has already carefully considered and denied the arguments set forth in this Motion to Dismiss. First, this Court has considered and rejected the Defendant's *Bruen*-based arguments. *See United States v. Lane*, 689 F. Supp. 3d 232 (E.D. Va. Aug. 31, 2023).[1] Other courts in this District have persuasively done the same, with similar outcomes. *See, e.g.*, *United States v. Riley*, 635 F. Supp. 3d 411 (E.D. Va. 2022); *United States v. Finney*, 2023 WL 2696203 (E.D. Va. Mar. 29, 2023); *United States v. Hill*, --- F. Supp. 3d ----, 2023 WL 8238164, at *9–10 (E.D. Va. Nov. 28, 2023).[2]

Second, the Defendant's remaining, *Rahimi*-based arguments are foreclosed by this Court's analysis in *United States v. Pemberton*, 2024 WL 3166893 (E.D. Va. June 25, 2024). There, the Court considered and rejected essentially the same argument raised here—that the *Rahimi* Court's repudiation of the "vague" term "responsible" as a limitation on the Second Amendment's guarantee upset this Court's analysis in *Lane*. *See Pemberton*, 2024 WL 3166893, at *2.[3] The

---

[1] In *Lane*, this Court held that the Fourth Circuit's pre-*Bruen* precedents upholding § 922(g)(1)'s constitutionality remain good law and require rejection of any argument that an indictment pursuant to § 922(g)(1) violates the Second Amendment. *See Lane*, 689 F. Supp. 3d at 240–43. Alternatively, this Court held that *Bruen* reaffirmed the Supreme Court's instruction that "the people" whose conduct the Second Amendment protects includes only "law-abiding citizens" and not felons like the Defendant here. *See id.* at 243–49.

[2] Since those decisions, the Fourth Circuit has rejected the argument that § 922(g)(1) is facially unconstitutional, while keeping open the as-applied avenue. *See United States v. Canada*, 103 F.4th 257, 259 (4th Cir. 2024).

[3] In *Pemberton*, this Court explained that although the Supreme Court has "used the terms 'law-abiding' and 'responsible' together when discussing those who enjoy the Second Amendment right," the Court has "also used the 'law-abiding citizen' limitation by itself." 2024 WL 3166893, at *2 (first quoting *Bruen*, 597 U.S. at 26, 39 n.9; and then quoting *id.* at 71). Because "this Court's decision in *Lane* expressly rested upon '*Heller*, *McDonald*, and *Bruen*'s *law-abiding citizen* throughline,'" *Rahimi* did not disrupt *Lane*'s reasoning. *Pemberton*, 2024 WL 3166893, at *2 (emphasis in original) (quoting *Lane*, 689 F. Supp. 3d at 245). And for that same reason, neither did *Rahimi* disrupt the Fourth Circuit's pre-*Bruen* precedents upholding § 922(g)(1). *See Lane*, 689 F. Supp. 3d at 240–42 (recounting those precedents and finding them to still be good law post-*Bruen*); *cf.* Reply 5–6. Moreover, as this Court explained in *Lane*, those Fourth Circuit cases also relied on *dicta* from the Supreme Court's decision in *D.C. v. Heller* that laws prohibiting possession of firearms by felons are "longstanding" and "presumptively lawful," *see Lane*, 689 F. Supp.

Defendant asks the Court to "reconsider its holding in *Pemberton*." Reply 6. The Court declines the invitation.[4]

All in all, the briefing in the present case does not provide any reason for this Court to deviate from its prior analyses. As such, the Court adopts in full the reasoning previously set forth in its Memorandum Opinions in *United States v. Lane* and *United States v. Pemberton*.

## IV. CONCLUSION

For the reasons detailed above, the Defendant's Motion, ECF No. 14, will be denied.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: August 6, 2024
Richmond, Virginia

---

3d at 241, *dicta* that was recounted (and not explicitly questioned) in *Rahimi*, *see* 144 S. Ct. at 1902 (quoting *Heller*, 554 U.S. at 626, 627, n.26).

[4] The Defendant acknowledges that the *Rahimi* Court "only addressed 'responsible' and not 'law-abiding.'" Reply 6. But, he says, this "was not because the Supreme Court meant to validate the 'law-abiding' argument and not the 'responsible' argument;" it was rather because only the "responsible" argument (and not the "law-abiding" argument) was presented to the Court. *Id.* at 6–7. That is precisely the point, however. The "law-abiding" limitation pre-dates *Rahimi*, *see supra* n.3, and the *Rahimi* majority did not pass on that limitation. The Defendant unpersuasively contends that "much in *Rahimi* . . . suggest[s] that the Supreme Court would have foreclosed the 'law-abiding' argument as well had the issue been presented," Reply 7, but for the reasons discussed in its prior opinion, the Court does not read the *Rahimi* majority opinion that way, *see Pemberton*, 2024 WL 3166893, at *2.